## H. F. STEEL v. THE STATE.

### No. 3959. Decided October 21, 1908.

#### Carrying Pistol—Charge of Court—Traveler.

Upon trial for unlawfully carrying a pistol, a charge of the court which placed the burden upon defendant to prove beyond a reasonable doubt that he was a traveler; and which required that he must be both in the pursuit of his journey and engaged in business connected with the same, was reversible error.

Appeal from the County Court of Wood. Tried below before the Hon. J. O. Rouse.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*H. C. Geddie, H. F. Boyett* and *Jones & Jones,* for appellant.— On the question of refusal of requested charge: Campbell v. State, 28 Texas Crim. App., 44; Price v. State, 34 Texas Crim. Rep.,

102; Stilly v. State, 27 Texas Crim. App., 445; Dyson v. State, 13 Texas Crim. App., 402.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—The appellant was charged by complaint and information with the offense of carrying a pistol on and about his person on the 18th day of September, 1907. On trial in the County Court of Wood County he was found guilty by the jury and his punishment assessed at a fine of $100. From this judgment he appeals to this court and asks a reversal thereof. We think the judgment of the court below must be reversed.

There was evidence introduced in the case that appellant on the 17th day of September, 1907, had a pistol in the house of Henry Douglass in the town of Mineola under circumstances which probably would have left him, if the testimony had been credited by the jury, substantially without defense. It was also shown by the State that appellant had on and about his person a pistol in the town of Mineola on the morning of September 18, 1907. There was no election by the State, and under the charge of the court the jury were authorized, if they credited the testimony of the State, to find appellant guilty as to either of the occasions on which it was claimed he had a pistol. Appellant denied that he had the pistol on the night of the 17th of September at the home of Henry Douglass. He admitted having the pistol in his hack on the next day at the time of his arrest by the witness Woods. His claim was that he was protected in having the pistol as a traveler. He testified in substance that he left home on that day and had started out to make a collection tour which would carry him through Hopkins, Rains, Van Zandt and Smith Counties, during which time he expected and it was his purpose to collect a considerable sum of money for the company for which he was working. His testimony fully supported this contention. In this State of the proof appellant's counsel requested the court to give the following charge:

"If you believe from the evidence that at the time the defendant was arrested by J. B. Woods and John S. Daniel, that the defendant was started on a trip to Hopkins, Rains, Van Zandt and other counties, then I charge you as a matter of fact that he was a traveler and would not be guilty of violating the law by reason of having the pistol in his possession at the time." This charge was by the court refused. The court, however, did give to the jury the following charge: "If you believe from the evidence beyond a reasonable doubt that the defendant had on and about his person a pistol, as charged, if any, that he was a traveler pursuing his journey and engaged in business connected with the same, then you will acquit the defendant." The vice of this charge, apparent by the reading of same, is that it places the burden upon appellant

to prove beyond a reasonable doubt his defense; that is, that he was a traveler. It is also objectionable in that it requires that he must be both in the pursuit of his journey and engaged in business connected with the same. This is so manifestly erroneous as not to require elaboration.

For the errors pointed out the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*